UNITED STATES v. WON SHONG.

(District Court, E. D. New York. March 9, 1910.)

Deportation proceedings by the United States against Won Shong. Case remanded to Commissioner for further findings and ruling.

William J. Youngs, U. S. Atty. and William P. Allen, Asst. U. S. Atty.

James A. Donegan, for defendant.

CHATFIELD, District Judge. The government has shown that Won Shong is a Chinese person who has not a certificate, and who is in the United States under such circumstances that the burden, when arrested, is put upon him to prove his right to be here. He has endeavored to do that by claiming that he was born in this country, and has offered the testimony of three witnesses who either saw or knew of his presence in San Francisco when he was a child of a few weeks old, with the exception of one witness, whose first acquaintance with the boy was when the father stated him to be in the neighborhood of three years of age. Won Shong when taken into custody was asked certain questions and made certain statements under those circumstances, which, while not in the nature of a confession, yet are competent as admissions, inasmuch as it cannot be held that there was duress at the time. But these statements and admissions relate only to his whereabouts at the time a census was taken in 1905, and his inability to give the names of the men who later were his witnesses, or any one else who could prove that he had been born in the United States. The testimony of that interview is clear, and is not disputed by the defendant, inasmuch as he has not gone on the stand.

The inspector who made the census in 1905 was called as a witness, but was unable to give testimony from actual recollection of anything connected with the defendant himself. He merely furnished from a memorandum or by the aid of refreshed recollection negative testimony which contradicted the statement of Won Shong at the time

of his arrest that he was in a laundry at 1514 Broadway, Brooklyn, when the census was taken. The testimony of Mr. Wiley as to the census of 1905 could only prove that the present defendant, Won Shong, was not where he said he was in 1905, and hence that his statement at the time of his arrest was false, or that, if there, a discrepancy in the two statements exists which is not explained. The facts contained in the census return cannot be used as evidence against Won Shong beyond being made the basis of a finding that they do not describe the same person as he now says he is, or do not show the recital which should have been recorded by him at that time if he now tells the truth.

The testimony of the three witnesses as to his birth and residence in San Francisco is substantially corroborative of each other, and a reading of the testimony does not enable the court to conclude that the testimony is either true or false. The commissioner has upon hearing the testimony found against the credibility of the three witnesses. The defendant has not himself testified, and the Commissioner, upon the issue of fact, has decided that Won Shong has not sustained the burden of proof.

On the condition of the record, I do not think that I can find that any material error was committed in the findings of fact by the commissioner, but, in the absence of any ruling by the commissioner as to what use he made of the census return of 1905, it is impossible to tell whether he relied upon the failure of Won Shong to give testimony and upon his disbelief of the three witnesses furnished by Won Shong, or whether he relied upon the census statement. I am inclined to send the matter to the commissioner for a definite finding and ruling upon that question, and to take the testimony of Won Shong unless he refuses to testify, before I determine that the issue is entirely one of fact.

In accordance with this memorandum, I will sustain the appeal and send the matter back to the commissioner for the taking of further testimony and for a further finding.